**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Denise Crompton, individually, and Alan Crompton, Individually,<br><br>  Plaintiffs<br><br>vs.<br><br>Costco Wholesale Corp., a Washington Corporation, et al.,<br><br>  Defendants | Case No.: 2-13-cv-00038-JAD-GWF<br><br>**Order Denying Motion to Dismiss [Doc. 9]** |

Plaintiff Denise Crompton claims she was injured when a market umbrella fell from its display at Costco and hit her on the head. She sues Costco for negligence, and her husband, Plaintiff Alan Crompton has asserted his own claim for loss of consortium. Costco now moves to dismiss Mr. Crompton's loss of consortium claim in this removed action under Federal Rule of Civil Procedure 12(b)(6), contending that his factual allegations are too thin to state a cognizable claim for relief. Doc. 9. Plaintiffs oppose the motion, arguing that they have pled sufficient facts to apprise Costco of the nature and basis of Mr. Crompton's clearly labeled loss-of-consortium claim, and asking, alternatively, for leave to amend to

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead sufficient factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting 5 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

1

1    Plaintiffs' fourth cause of action contains sufficiently specific allegations to put Costco on
2 notice of the nature and basis for this claim. It specifically alleges that "[a]s a direct and proximate
3 result of the negligence of defendant [Costco] and its employees, agents, and/or servants, and each
4 of them, [Mr. Crompton] has suffered loss of consortium, loss of household services, loss of love,
5 affection, and companionship, and severe emotional distress and is seeking special damages, direct
6 damages, compensatory damages, consequential damages, and incidental damages in addition to the
7 expense of hiring [counsel] . . . ." Doc. 1 at 17. In the preamble to this claim, the Plaintiffs "repeat
8 and reallege each and every" other allegation in the complaint, which includes the factual and legal
9 theories underlying their case. The Court finds that the loss of consortium claim is sufficiently pled
10 to survive this Rule 12(b)(6) challenge.

11    Accordingly, based on the reasoning above,

12    IT IS HEREBY ORDERED that Costco's Motion to Dismiss Plaintiffs' Fourth Cause of
13 Action Pursuant to Fed. R. Civ. Pro. 12(b)(6) **[#9] is DENIED**.

14    DATED February 13, 2014.

_____
Jennifer A. Dorsey
United States District Judge