# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Denise Crompton, individually, and Alan Crompton, Individually,<br><br>Plaintiffs<br><br>vs.<br><br>Costco Wholesale Corp., a Washington Corporation, et al.,<br><br>Defendants | Case No.: 2-13-cv-00038-JAD-GWF<br><br>**Order Denying Motions in Limine with Further Instructions** |

    This personal injury case is set on the September 30, 2014, jury trial stack. Denise Crompton has filed five motions in limine (one of which contains a 21-topic omnibus request), see Docs. 45-49, and defendant Costco has filed eight motions in limine. See Docs. 36-43.  It is obvious that counsel have not conferred with each other about the upcoming trial presentations, resulting in unnecessary motions on potentially undisputed issues.

    These motions in limine (Docs. 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, and 49) are hereby denied without prejudice, and the parties are directed to meet and confer (by telephone or in person—not merely by email) about the substance of these (and any other contemplated) motions in limine.  If agreements are reached, the prophylactic goal may be obtained by incorporating the agreements into a stipulation and proposed order for me to consider.  Should the parties not reach an agreement and a motion in limine remains necessary, the motion must be accompanied by a declaration or affidavit certifying that counsel actually conferred in good faith to resolve the issue before the motion was filed (or re-filed), and it must be filed by September 8, 2014.  The failure to include such a certificate of counsel will result in the denial of the motion.

    The parties are cautioned that vague requests based on speculative issues, such as requests to

generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied. The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same. Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources. Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys. The parties are further reminded that motions in limine are not to be used as belated motions for partial summary judgment.

Accordingly, IT IS HEREBY ORDERED that the parties' motions in limine **[Docs. 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, and 49] are DENIED** without prejudice to their re-filing by September 8, 2014, after exhausting in good faith the meet-and-confer requirement and memorializing-in detail-by affidavit each issue that was discussed and why agreement on that issue could not be reached. Any limine motion filed without exhausting this requirement and attaching the proper, detailed affidavit will be denied without further prior notice or opportunity to cure.

Dated: September 2, 2014.

_____
Jennifer A. Dorsey
United States District Judge