**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DENISE CROMPTON, ALAN CROMPTON,

                Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

                Defendant.

Case No. 2:13-cv-00038-JAD-GWF

**ORDER**

       This matter is before the Court on Defendant Costco Wholesale Corporation's Motion to Strike Plaintiffs' Untimely Witness and Document Disclosures (#86). The Court conducted a hearing in this matter on September 14, 2015 during which several matters raised in Defendant's motion were decided by the Court. The Court directed the parties to meet and confer on certain remaining issues to see if they could be resolved by mutual agreement, and to file supplemental briefs if they could not. Defendant Costco filed its Supplement (#97) on November 4, 2015, Plaintiffs filed their Opposition to Defendant's Supplement (#98) on November 19, 2015, and Defendant filed its Reply (#101) on December 2, 2015. The Court having reviewed the parties' supplemental submissions hereby decides as follows:

       Discovery closed in this case on February 3, 2014. *Order (#18).* The medical treatment and billing records of Michael Jones, O.D. were disclosed by the Plaintiff on July 20, 2015, more than 17 months after the close of discovery. Dr. Jones' treatment records date back to January 17, 2011. *See Plaintiffs' Opposition (#98), Exhibit 1.* The medical records and billings of Ear, Nose and Throat Consultants of Nevada were disclosed on July 7, 2015. These treatment and billing records date back to December 2012. The Court understands that Plaintiff's medical treatment records

allegedly relating to injuries or conditions caused by the accident are voluminous and that some records might not have been timely disclosed due to understandable oversight. However, the failure to disclose records for medical treatment, that occurred substantially before the discovery cut-off date, until 17 months after the close of discovery is simply not excusable absent some explanation beyond the mere fact that they were overlooked or not discovered for that substantial time period. The Court therefore grants Defendant's motion to strike the medical records and bills of Michael Jones, O.D. and Ear, Nose and Throat Consultants of Nevada.

Plaintiff treated with Dr. Wu at the University of California–Irvine Medical Center on January 22, 2015. His records were disclosed on July 20, 2015. Plaintiff treated with Dr. Bady at Advanced Orthopedic & Sports Medicine on March 2, 2015. His records were disclosed on June 24, 2015. Arguably, these medical providers and their records could have been disclosed earlier than they were. The Court, however, does not find that the delay in their disclosure is so substantial as to be inexcusable. These providers and their records were also disclosed in sufficient time that Defendant could have moved to reopen discovery with respect to these providers if it saw a need for discovery. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Costco Wholesale Corporation's Motion to Strike Plaintiffs' Untimely Witness and Document Disclosures (#86) is further granted, in part, and denied, in part, as follows:

1. Defendant's motion to strike is **granted** as to the medical records and billings of Michael Jones, O.D. and Ear, Nose and Throat Consultants of Nevada.

2. Defendant's motion to strike is **denied** as to the medical records and billings of Dr. Wu at the University of California–Irvine Medical Center and Dr. Bady at Advanced Orthopedic & Sports Medicine.

DATED this 3rd day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge